## *In re* WALLACE'S ESTATE.

### (*Surrogate's Court, New York County.* October 12, 1888.)

DESCENT AND DISTRIBUTION—LEGACY TAX.

Where property held in trust, under a will, for a life in being, is to be divided, on the death of the *cestui que trust*, among such of certain heirs as survive the life-tenant, their interests in the property passing under the will on the death of the testator are so indefinite and contingent that the property should not be appraised and reported for a legacy tax until the contingency happens, and the interests and number of the collateral heirs can be exactly determined.

Motion to confirm report of appraiser of the estate of Benjamin Wallace.

*Graham McAdam*, for comptroller. *Varnum & Harrison*, for executors. *R. L. Sweezy*, special guardian, for Wallace White.

RANSOM, S. In this case the appraiser reports that there are certain items and interests in property passing under said will which cannot be appraised by reason of their indefinite, uncertain, and contingent character, and says they are not, in his opinion, subject to taxation. These are—*First*, the principal of the fund of $7,000 held in trust for Ann Irving, as it is impossible to determine, prior to her death, whether said remainder is taxable either in whole or in part, or not at all, it being entirely contingent upon whether Ann Irving leaves issue living, or, if not, what, if any, of the residuary legatees under the will of the testator may survive her; *second*, whether the principal of the fund, amounting to one-fourth of the residuary estate, to be held in trust under said will during the life-time of his sister Sarah, is subject to taxation or not, it being wholly contingent upon whether said Sarah leaves issue living at her death, or whether testator's sister Ann, the remainder-man as to this fund, should survive; and, *third*, whether the principal of the fund, amounting to one-fourth of the residuary estate, to be held in trust under said will during the life-time of the testator's sister Ann White, is taxable or not, cannot now be determined, it being wholly contingent upon whether the said Ann White shall leave issue living at her death. The comptroller objects to these findings—*First*, upon the ground that the statute makes express provision for the taxation of such estates as this, *i. e.*, estates in remainder passing to collateral heirs upon the expiration of life-estates vested by the will in the sisters; *second*, that the appraiser errs in saying the interests cannot be appraised because of their indefinite, uncertain, and contingent character; and in saying that the question whether any tax is to become due or not depends upon the contingency of the death of sister Ann before that of sister Sarah in the one case, and of the death of sister Sarah before that of sister Ann in the other case; and claims that the appraiser should be directed to obtain the valuation of the estate in remainder going to collateral heirs as dependent on two lives in being, in the manner prescribed by the act, upon the ground that the estates given to the sisters are not taxed, but that the taxable interests are those going to collateral heirs, and that "there is in each case an estate in remainder positively set apart for collateral heirs," "and that the death of both sisters is a certainty, and, upon the death of both, both life-estates cease, and the property goes to collateral heirs of the testator, and that the minimum of such collateral estate is susceptible of exact valuation;" and asks that the appraiser be directed to amend his report accordingly. The report should be referred back to the appraiser, because he has reported certain legacies which are exempt, and then exempted them. I find that the interests of the collat-

eral heirs are not indefeasible, in that they take only upon the contingency of their surviving the life-tenant, and that at the present time their interests are not such that they can be definitely determined and taxed. The appraiser should only report upon the property now subject to the tax; and when the contingency happens, and the number and interests of the collateral heirs are definitely and exactly determined, another appraisement should then be made, and the tax assessed upon their interests then to to be ascertained. In the *Matter of the Estate of George W. Bruce*, the order of May 8, 1888, after assessing and fixing the tax upon a number of legacies, provides: "And it is further ordered and adjudged that the question of fixing the tax on the remainder of the trust for the benefit of George Bruce Brown, which has been appraised at $64,621, and which will pass under said will of the testator, upon the death of said life-tenant, George Bruce Brown, be, and the same is hereby, reserved subject to a further order of the surrogate." This is what should be done in this case. An order should be made referring the report back to the appraiser, reappointing him, and directing him to report only what property passing by the will of decedent is now subject to the tax. This is merely formal. The substance of the appraiser's report is sound. My opinion in *Estate of Astor*, 2 N. Y. Supp. 630, will fully disclose my views as to the duty of the appraiser and the form and substance of his report in all cases arising under this act.